**STATE ex rel. George SCHWAB, Relator,**

v.

**James T. RILEY, Special Judge, Circuit Court of Moniteau County, Respondent.**

No. 52776.

Supreme Court of Missouri,
En Banc.

July 10, 1967.

John C. Kibbe, California, Mo., John W. Inglish, Cullen Coil, Jefferson City, Carson, Inglish, Monaco & Coil, Jefferson City, of counsel, for respondent.

Roger D. Hines, Columbia, for relator.

HOLMAN, Chief Justice.

In this original proceeding in prohibition relator seeks to prevent the respondent, as Special Judge of the Circuit Court of Moniteau County, from proceeding further in the case of City of California, Missouri, vs. Walter H. Oesterly et al. Relator is a defendant in that case. The regular judge overruled a motion to dismiss, and respondent overruled a motion to stay proceedings, and we thereafter issued our provisional rule upon petition of relator.

The facts have been stipulated and a brief statement thereof will suffice for our decision. The City of California, Missouri (hereinafter sometimes called the "city"), is a city of the fourth class. Relator is a resident, property owner, and taxpayer of said city. On December 5, 1966, the board

of aldermen of the city passed Ordinance No. 801 which directed the city to institute condemnation proceedings to acquire several hundred acres of land located outside the city limits for use in constructing and maintaining sewage lagoons thereon. Also directed to be acquired were easements a considerable distance in length for roadway and sewer line purposes.

On December 6, 1966, the city filed its petition, which became Case No. 4744, seeking to condemn the property and easements heretofore mentioned. On January 12, 1967, relator and others filed a petition for declaratory judgment and for injunctive relief against the city in which relator and the other plaintiffs alleged that the ordinance heretofore referred to was void for a number of reasons, including the contention that § 79.380 (statutory references are to RSMo 1959, V.A.M.S.) does not authorize the taking of property for sewage lagoons. Also, on January 12, 1967, upon motion of relator and others, the regular judge was disqualified in the condemnation proceedings and respondent was thereafter assigned to preside in that case. On the morning of January 25, 1967, respondent overruled the motion filed by relator and certain other defendants to stay proceedings in Case No. 4744 until after the declaratory judgment suit (No. 4750) was decided. Later that day, relator filed his petition for prohibition, we issued a stop order, and on February 13, 1967, issued a provisional rule.

█ The primary contention of relator is that "a city of the fourth class does not have the power to condemn private property outside its limits for use as sewerage lagoons or roadways." He correctly asserts that "[t]he right of eminent domain is not inherent in municipalities and cannot be exercised by them without authority from the state." In re Armory Site in Kansas City, Mo.Sup., 282 S.W.2d 464, 467. It is conceded that the city has the authority to condemn the easement for the sewer lines here involved. However, there is no stat-

ute which, in express words, gives it the authority to condemn a site for the construction of sewage lagoons. Our main task is to determine whether that right is necessarily implied from the wording of the applicable statutes.

There are two sections of the statutes which we think should be especially considered. Section 79.380, which was originally enacted in 1895, provides, in part, as follows: "The board of aldermen may * * * purchase or condemn and hold for the city, within or without the city limits, within five miles therefrom all necessary lands for hospital purposes, waterworks, sewer carriage and outfall * * *." Section 71.680, originally enacted in 1929, contains the following: "In addition to their other powers for the protection of the public health, each city of the second, third, or fourth class of this state * * * may acquire by purchase, construction, lease, gift or otherwise, within or without the corporate limits of such cities * * * purification plants or sewage disposal plants for the purification of all sewage accumulating in such cities."

█ In our consideration of the foregoing statutes we should bear in mind certain applicable general rules. "Statutes granting the right of eminent domain are to be strictly construed. The rule is well settled in this state. The right is not to be implied or inferred from vague or doubtful language but must be clearly given in express terms or by necessary implication. * * * On the other hand, 'while eminent domain statutes are to be strictly construed so far as the power to condemn is concerned, yet they are not to be construed so as to defeat the evident purpose of the legislature.' State ex rel. Siegel v. Grimm, 314 Mo. 242, 284 S.W. 490, 493; 29 C.J.S., Eminent Domain, § 22, p. 806. Further, the doctrine of strict construction does not exclude a reasonable and sound construction of the statute under consideration." State ex rel. Missouri Water Co. v. Bostian, 365 Mo. 228, 280 S.W.2d 663, 666. It has also

been said that "the rule of 'strict construction' has no definite or precise meaning. It has only relative application. It is not the opposite of liberal construction, and it does not require such a strained or narrow interpretation of the language as to defeat the object. The primary purpose of all statutory construction is to determine the intent of the legislature; and all such rules are but vassals to the liege sovereign intent." Southwestern Bell Telephone Co. v. Newingham, Mo.App., 386 S.W.2d 663, 665, 666. And we have said that "[s]tatutes relating to the same subject matter must be considered together. This rule applies even though the statutes are found in different chapters and were enacted at different times." State ex rel. Smithco Transport Co. v. Public Service Commission, Mo.Sup., 316 S.W.2d 6, 12.

Respondent contends that the city is authorized by the statutes to condemn for the purposes here involved, and relies almost entirely upon the case of State ex rel. Askew v. Kopp, Mo.Sup., 330 S.W.2d 882. He says we held in *Kopp* that §§ 71.680 and 79.-380 authorized cities of the fourth class to condemn sites for sewage disposal plants within five miles of the city. Relator denies that *Kopp* so held and points to the fact that it is essentially a zoning case. We agree with the contention of respondent that the *Kopp* case, if sound, is decisive of the issue as to the city's right to condemn land for the construction of sewage lagoons. We held therein that §§ 71.680 and 79.380 gave fourth class cities that right. We note, however, that *Kopp* does not contain any analysis of those sections or any detailed discussion of the problem presented in the case at bar. In that situation we have concluded that we should re-examine the issue in the light of the applicable statutes.

Section 79.380 authorizes condemnation for "sewer carriage and outfall." "Outfall" is defined as "the vent of a drain or sewer." Webster's Third New International Dictionary. It is likely, as suggested in the briefs, that when that section was enacted in 1895, the accepted method of disposing of sewage was to empty it into a stream. The section accordingly gave cities the only power of eminent domain needed at that time for sewage disposal. In more recent years the legislative bodies of both the state and federal government have placed great emphasis upon the protection of the public health. The practice of dumping raw sewage into streams is rapidly diminishing. It is therefore not surprising that when § 71.680 was enacted in 1929, it authorized cities to "acquire by purchase, construction, lease, gift or otherwise, within or without the corporate limits, * * * sewage disposal plants." In that connection it should be noted that fourth class cities were at that time authorized to establish a general sewer system composed of public, district, and private sewers. See § 88.717. Since § 71.680 authorized cities to acquire sewage disposal plants by specifically listing almost every conceivable method of acquiring title, other than by condemnation, we should consider whether the words "or otherwise" would include that power. "Otherwise" has been defined as "in a different way or manner." Webster's Third New International Dictionary. Condemnation is a "different way" of acquiring land from those methods listed in the section.

We are unwilling to attribute to the legislature an intent to withhold from cities of the fourth class the right to acquire sites for sewage disposal plants by condemnation. Therefore, it is our view that the words "or otherwise" would reasonably be construed to include condemnation. Mashak v. Poelker, Mo.Sup., 367 S.W.2d 625 [4]. It is common knowledge that sewage disposal plants are essential to the public health. Section 71.680 contains specific authorization for cities to construct such plants. It is safe to assume that because of the nearness to streams, the soil texture, and for other reasons, certain sites are much more suitable for the construction of sewage lagoons than are others. It is not reasonable to believe (and we see nothing

in the statute to so indicate) that the legislature intended to place cities in a position where they would have to pay any price an owner might ask in order to obtain a desirable site for a sewage disposal plant. When the legislature placed the words "or otherwise" in the statute it must have had a purpose for doing so. We think the general nature of the phrase indicates that it intended to authorize cities to use any method available in acquiring land for sewage disposal plants. Condemnation is a method often used by cities in acquiring land for public improvements and would come within the meaning of the phrase "or otherwise."

■ Certainly, when §§ 71.680 and 79.380 are considered in pari materia, we think they authorize condemnation by fourth class cities of easements and land for sewer lines and lagoons within five miles of the city. We accordingly approve the holding in State ex rel. Askew v. Kopp, supra. It is not necessary to determine whether land may be condemned beyond the five-mile limit because that here involved is within that distance and the question is therefore not before us.

■ The city also seeks to acquire an easement for a roadway apparently for use in obtaining access to the site of the proposed lagoons. It is obvious that the land condemned would be of no benefit to the city unless it could obtain access to it in order to construct and maintain the sewer lines and lagoons. The parties have apparently assumed that if the city had the right to condemn for the sewage lagoons it could condemn the easement for the roadway because, although it is mentioned by relator, neither party has briefed the question. The general rule is that the authority to condemn "must be given in express terms or by necessary implication." State ex rel.

Cranfill v. Smith, 330 Mo. 252, 48 S.W.2d 891, 893, 81 A.L.R. 1066. It is our view that the authority to condemn an access easement in order to construct and maintain sewer lines and lagoons is granted by necessary implication. It has been said that "land may be taken for purposes necessary to a reasonable enjoyment of those which have been authorized * * *." Vol. I, Nichols on Eminent Domain, p. 375. We accordingly rule that the applicable statutes must be construed as authorizing, by necessary implication, the condemnation by the city of the easement here sought.

■ Relator also contends that we should prohibit respondent from proceeding further in the condemnation case until the declaratory judgment case has been heard and finally decided. No case has been cited which supports that contention. We rule that point against relator. We have already ruled that the city has statutory authority to condemn land for the purposes in question. In the declaratory judgment petition the plaintiffs (including relator) allege a number of other reasons why the condemnation ordinance should be declared invalid, and also seek injunctive relief. However, it would appear that all of those alleged matters which have any direct relationship to the condemnation case may be asserted in the answer as defenses therein. In a somewhat similar situation we stated that "[w]here a plaintiff has an adequate remedy by law, he may not resort to a separate suit in a court of equity or the Declaratory Judgment Act * * *." Glueck Realty Co. v. City of St. Louis, Mo., Sup., 318 S.W.2d 206, 211.

It follows from what we have heretofore said that the provisional rule in prohibition was improvidently issued and it is therefore ordered discharged.

All concur.