STATE of Missouri, ex rel., Donald S. RO-SENFELD, James C. Rosner, Paul Burkemper, d/b/a B.R.R. Partnership, T. Pat Manning, and Manning Transport Inc., Relators–Appellants,

v.

ST. CHARLES COUNTY, Missouri, Gerald E. Olhms, Nancy C. Becker and Robert A. Perkins, Defendants–Respondents,

and

City of St. Peters, Missouri, Intervenor–Defendant–Respondent.

STATE of Missouri, ex rel., CITY OF ST. CHARLES, Missouri, A Municipal Corporation, and Heatherbrook Homeowner's Association, A Not for Profit Corporation, and Jane Crider, Darby Tally and Joe Lyons, Relators–Appellants,

v.

ST. CHARLES COUNTY, Missouri, A Non Charter First Class County, et al., and Eugene Schewndemann, William Luetkenhaus, Paul Schnare, and City of St. Peters, Missouri, Relators.

Nos. 63801, 63819.

Missouri Court of Appeals, Eastern District, Division Two.

March 8, 1994.

---

Green, Hennings & Henry, Lewis C. Green, Bruce A. Morrison, St. Louis, for relators-plaintiffs-appellants Rosenfeld et al.

Stephen A. Martin, Stephanie K. Gastman, Harold A. Ellis, Office of St. Charles County Counselor, St. Charles, for defendants-respondents.

Thompson & Mitchell, Rollin J. Moerschel, St. Charles, for intervenor-defendant-respondent.

Drakesmith & Burke, Frederick W. Drakesmith, Anthony D. Linson, St. Charles, for relators-appellants Tally and Lyons.

KAROHL, Judge.

This appeal follows judgments entered in two consolidated cases. The plaintiffs consisted of the City of St. Charles and individuals and businesses owning real estate in the proximity of a rock quarry. The purpose of both lawsuits was to prevent the City of St. Peters from using the twenty-nine acre, mined-out rock quarry as a sanitary landfill and recycling center. The parties in these cases were not identical and the theories pleaded in the petitions were different. However, both lawsuits involve a single, preemptive legal issue, whether the City of St. Peters, a fourth class city, was authorized to acquire the quarry property located outside its city limits by condemnation or threat of condemnation. The trial court entered extensive findings of fact and conclusions of law, including a conclusion the fourth class city could condemn. It rendered judgments in favor of the City of St. Peters. The result was approval of rezoning to permit the city to operate the landfill. The plaintiffs in both lawsuits have filed this appeal. We reverse.

## THE COLE COUNTY CASES

Actually, this appeal involves two claims decided by the trial court and two related Cole County lawsuits. The first Cole County lawsuit was brought by the City of St. Peters for a declaratory judgment upon St. Charles County and the Department of Natural Resources of the State of Missouri (DNR) that it was exempt from zoning laws because it had condemnation authority. On appeal the Western District dismissed for lack of subject matter jurisdiction. It held the City of St. Peters must complete an administrative procedure before seeking judicial relief. *City of St. Peters v. Department of Natural Resources of the State of Missouri and St. Charles County, Missouri, Intervenor,* 797 S.W.2d 514 (Mo.App.1990).

The second Cole County lawsuit was brought by St. Charles County against the City of St. Peters and DNR. The county sought a declaratory judgment that the city had no right to acquire land outside its city limits by condemnation. The trial court dismissed defendant DNR and found for the City of St. Peters and against St. Charles County. The county appealed the dismissal of its six count petition which sought a declaratory judgment on similar issues presently before this court and the judgment in favor of the city on its counterclaim. The effect of the judgment in the second case was to exempt the city from county regulations, zoning and regulatory, and permit it to operate the landfill.

On appeal the Western District of this court reversed and remanded in *State ex rel., City of St. Charles v. Mehan,* 854 S.W.2d 531 (Mo.App.W.D.1993), with a direction that the

trial court enter judgment "on Count II in favor of St. Charles County and against the city of St. Peters prohibiting St. Peters from acquiring the designated property *for a landfill by condemnation* or the threat of it and for other orders consistent with this opinion." (Our emphasis). In June of 1993, the Missouri Supreme Court denied transfer of the *Mehan* case.

After remand the trial court entered an amended judgment which has also been appealed on the ground that the new judgment exceeds the limited scope of the mandate of the *Mehan* opinion. That appeal is pending. The issue there is whether the post-mandate judgment exceeded the mandate. This will not change the holding that St. Peters may not condemn outside its city limits for a landfill.

## THE ST. CHARLES COUNTY CASES

The two lawsuits reviewed in the present appeal were as follows:

### (1) STATE OF MISSOURI EX REL, DONALD ROSENFELD, ET AL.,

### VS.

### ST. CHARLES COUNTY, ET AL.

### ST. CHARLES COUNTY CAUSE NO. CV 190–7258CC

On December 28, 1990, plaintiff property owners filed suit to protect property values for their real estate located near the quarry site. They sought judicial review of a 2–1 decision of St. Charles County Commission which granted the City of St. Peters rezoning and a conditional use permit to operate the sanitary landfill. They allege jurisdiction for judicial review under § 64.281.1 RSMo 1986 and, by reference therein, to § 536.110 RSMo 1986. St. Peters is a fourth class city in a first class non-charted county, which continued to operate under zoning ordinances adopted when St. Charles County was a second class county. They allege that the City of St. Peters had no authority to acquire real estate outside its boundaries by condemnation. They requested an order to set aside

and nullify the actions of the County Commission.

In a separate count plaintiffs (property owners) sought a declaratory judgment that the Commission's actions were unlawful and invalid. The City of St. Peters was not a named defendant but was allowed to intervene.

### (2) STATE OF MISSOURI EX REL, CITY OF ST. CHARLES, ET AL.,

### VS.

### ST. CHARLES COUNTY, ET. AL., CAUSE NO. CV 190–7257CC

On April 17, 1991, the City of St. Charles and property owners Crider, Tally and Lyons sued St. Charles County and the City of St. Peters. Plaintiffs sought a judicial review of the grant to the City of St. Peters of rezoning and a conditional use permit by the St. Charles County Commission. All of the allegations in plaintiffs' petition were directed at procedural defects in the actions of the St. Charles County Planning and Zoning Board and the County Commission. The plaintiffs did not rely on lack of eligibility of the City of St. Peters to request rezoning and a permit because it illegally acquired the property outside of the city by condemnation or threat of condemnation. On appeal, the county has joined the plaintiffs in arguing *Mehan* is decisive, St. Peters is not a lawful owner for the purpose of operating the landfill and the judgment of the trial court should be reversed.

We review two lawsuits that were consolidated in June, 1991 and tried together on July 9, 1992. The parties stipulated to most of the facts and exhibits. Live testimony was directed at the procedural activities of the St. Charles County Planning and Zoning Board, which rejected rezoning and a conditional use permit, and the activities of the St. Charles County Council which approved both applications by a vote of 2–1. On March 1, 1993, before the *Mehan* opinion of the Western District was decided the trial court entered extensive findings of fact, legal conclusions and a judgment as follows:

NOW THEREFORE, it is ordered, adjudged and decreed as follows:

1. That Respondent City of St. Peters in the acquisition and operation of its solid waste disposal facility is not subject to the St. Charles County Zoning and Regulatory Orders.

2. That the granting of S–L zoning to the Respondent, City of St. Peters landfill site was not procedurally unlawful and was not arbitrary, capricious or unreasonable.

3. That no provision exists in the laws of the State of Missouri or the St. Charles County Zoning Order for a conditional use permit for a sanitary landfill.

4. That Relators' petition be, and is hereby dismissed.

5. All costs of Court are taxed to Relator.

Entered this 1st day of March, 1993.

Among other things the trial court found that the city acquired the quarry property by a general warranty deed dated May 19, 1989. It was recorded July 5, 1990. There is no factual dispute that it acquired the property by agreeing to pay the owners a fixed sum when they began to operate the sanitary landfill and thereafter by minimum annual payments which could be increased depending upon the volume of use of the landfill. The trial court found that the City of St. Peters' right to acquire the quarry property is superior to St. Charles County's right to regulate its use. Particularly, the court found that the City of St. Peters has the power to condemn, and therefore the power to threaten to condemn real estate not within its city limits. The court did reject the grant of a conditional use permit by holding St. Charles County had no ordinance authority to grant a conditional use permit. The critical finding was that the City of St. Peters had the power to condemn. Inherent in that finding is a finding that because it could lawfully acquire the property under threat of condemnation it was exempt from county regulation.

The decision in *Mehan* is binding on the City of St. Peters because it was a party to the litigation in Cole County where the legality of acquisition of land outside of city limits for the purpose of operating a landfill on threat of condemnation, was a decided issue and because it is a party to the *Rosenfeld* lawsuit presently on appeal. The principals of mutual collateral estoppel, *Miller v. Hubbert*, 804 S.W.2d 819, 820 (Mo.App.1991) and non-mutual collateral estoppel apply against the city in favor of all plaintiffs in both cases now before us. *See Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). Further, the City of St. Peters acknowledges the finality of the decision in *Mehan* on the decisive issue.

We find the holding in *Mehan* is controlling. We incorporate and adopt that opinion by reference. The findings and judgments of the trial court are incompatible with *Mehan*. We note the trial court did not have the benefit of the *Mehan* decision which was rendered after its judgments. We do not decide whether the city is the legal owner of the quarry with rights of ownership unrelated to operation of a sanitary landfill. That is not before us. Nor is the question of whether the city may negotiate and purchase real estate outside its city limits, without reference to condemnation, and obtain permission to operate a sanitary landfill. That question was not before the court in *Mehan*. Further, the question of the nature of the legal relationship between the City of St. Peters, as grantee under a deed, and the grantor is not before us.

What we do hold is the City of St. Peters is not an "owner" qualified to operate a sanitary landfill on property located outside its city limits which it acquired by deed under threat of condemnation. The City of St. Peters made application for rezoning on the premise that it was a lawful owner under the deed for the single purpose of operating a landfill. Because it was not the lawful owner for that purpose the proceedings before the Planning and Zoning Board, the County Commission and the trial court do not involve substantive legal disputes which could be resolved by the trial court. As a matter of law, the City of St. Peters was not entitled to operate a sanitary landfill on the quarry site and was not entitled to permission to operate a sanitary landfill through rezoning where it acquired title by threat of

condemnation. We will not address the numerous claims of error which are subordinate to this conclusion. *See Mehan,* 854 S.W.2d at 536. Accordingly, without reaching or deciding any other issue, we reverse. Costs are assessed against respondent City of St. Peters. Missouri Supreme Court Rule 84.18.

CRANE, P.J., and CRAHAN, J., concur.