STATE ex rel. COUNTY OF ST. CHARLES, Mo., Respondent,

v.

CITY OF ST. PETERS, Mo., Appellant,

G. Tracy Mehan, III and Missouri Dept. of Natural Resources, Defendants.

No. WD 48645.

Missouri Court of Appeals, Western District.

May 24, 1994.

Rollin J. Moerschel, St. Charles, for appellant.

James Trimble, Kansas City, Stephen A. Martin, County Counselor, St. Charles County, St. Charles, Thomas W. Rynard, Jefferson City, for St. Charles County.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy P. Duggan, Asst. Atty. Gen., Jefferson City, for G. Tracy Mehan, III, and Mo. Dept. of Natural Resources.

Before TURNAGE, P.J., C.J., and KENNEDY and HANNA, JJ.

HANNA, Judge.

This case is lodged in this court for the third time. This appeal is occasioned by the

trial court's decision on remand of *State ex rel. County of St. Charles v. Mehan*, 854 S.W.2d 531 (Mo.App.1993), divesting the City of St. Peters of its ownership interest in real estate located in St. Charles County. The issue is whether the trial court's order which followed our remand exceeded the mandate in *Mehan*.

Appellant St. Peters raises five points on appeal and all of the claims of error are concerned with the trial court's post-mandate judgment that the city was not the owner of the property in question. The city's first point wherein it claims the trial court exceeded the decision and mandate issued by this court is dispositive. The facts are more fully set forth in *Mehan* above. For our purposes, the factual review is limited.

In *Mehan*, we held that appellant City of St. Peters did not have the authority to acquire a site for a sanitary landfill outside its corporate limits by the threat of or use of eminent domain. The court's mandate remanded the case to the Cole County Circuit Court for entry of judgment in favor of St. Charles County on Count II of its Second Amended Petition and ordered judgment against the City of St. Peters prohibiting it "from acquiring the designated property for a landfill by condemnation or the threat of it and for other orders consistent with this opinion." *Id.* at 537.

On remand, the trial court entered judgment for St. Charles County on Count II of its Second Amended Petition, stating in pertinent part as follows:

> The court enters its declaratory judgment that the City of St. Peters has no power to acquire the property in St. Charles County outside its city limits for the purpose of operating a landfill by condemnation or threat of condemnation, *that the City did not lawfully acquire the property and, therefore, is not the owner of the property described in the second amended petition.... (emphasis added)*

The City of St. Peters argues that the trial court mistakenly entered its order determining that the City of St. Peters "did not lawfully acquire the property and, therefore, is not the owner of the property" which was the subject matter of the lawsuit. The County of St. Charles claims that the act of acquiring the property was ultra vires; i.e., the city could not acquire the property in the manner that it did and, therefore, the city was not an owner of property exempt from county zoning. The trial court made its entry concerning the city's interest in the property following our mandate and opinion. A timely motion was filed by City of St. Peters to vacate the trial court's post-mandate judgment that denied the existence of lawful title to the landfill site. The motion was not ruled within the time provided by Missouri Supreme Court Rule 73.01 and was thereby automatically overruled. Rule 81.05. This appeal followed.

This court ruled that the City of St. Peters did not have the authority to acquire property outside of its corporate limits for a landfill by condemnation or the threat of condemnation. Our order included a provision "for other orders consistent with this opinion"; an entry made because there were numerous other counts in the second amended petition, some of which were not argued before this court, and because the City of St. Peters had a pending counterclaim. That portion of our order seems to have been the basis for the trial court's decision that the City of St. Peters was not the owner of the landfill site. As is the custom of appellate courts of this state (*see Noll v. Shelter Ins. Co.*, 774 S.W.2d 147, 150 n. 4 (Mo. banc 1989)) we considered it appropriate for the trial court to enter judgment on the counterclaim and the other five counts. The trial court did this in its order wherein it rendered moot the issues on Counts I, III, IV, V, and VI of the second amended petition and dismissed the city's counterclaim. To the extent that the trial court considered the order "for other orders consistent with this opinion" an invitation to alter the mandate, the court's understanding was misplaced. It did not provide a vehicle to exceed the opinion and mandate and determine whether the city acquired the property by lawful means which may or may not have been an ultra vires act and whether this act divested the City of St. Peters of any ownership interest in the real estate.

■ A trial court has no power to modify, alter, amend or in any manner depart

from the judgment of the appellate court and proceedings contrary to the appellate court mandate are null and void. *West Lake Quarry & Material Co. v. City of Bridgeton*, 776 S.W.2d 904, 905 (Mo.App.1989). The post mandate judgment that the city is not the owner of the property goes beyond the opinion and mandate of this court. *See Bennett v. Huwar*, 797 S.W.2d 512, 513 (Mo.App. 1990). It alters and is in excess of the mandate and opinion. Our decision was a reversal of the trial court's order and was a final judgment declaring unequivocally that the city of St. Peters cannot by the threat or use of condemnation acquire the property in St. Charles County for purposes of operating or owning a landfill. This court and the trial court on remand declared that to be the law of this case. The opinion definitely determined the rights of the parties and terminated the litigation on that issue. Any subsequent orders or adjudications in the case must be confined to those necessary to execute on the judgment. *Papin v. Papin*, 475 S.W.2d 73, 76 (Mo.1972). The trial court was without authority to consider or determine other matters such as whether the city's act of acquiring the property was ultra vires and whether the city was the owner of the property. *City of St. Charles v. Schroeder*, 510 S.W.2d 202, 203 (Mo.App.1974). The trial court's determination of these issues altered and exceeded the opinion and mandate of this court.

The County of St. Charles argues at great length that "the question that begs to be answered is whether having acquired record title to the property by threat of eminent domain, did the City acquire sufficient ownership to exempt the City from the provisions of the County Zoning Order?" Whether the city is exempt from the county's zoning ordinances is a determination not necessary to a final decision in either this or the *Mehan* case. In fact, the point is irrelevant in light of our opinion.

The judgment of the trial court wherein it declares "that the City did not lawfully acquire the property and, therefore, is not the owner of the property described in the second amended petition, Exhibit A, copy of which is attached hereto." is reversed and that portion of its order is vacated.

All concur.