**CITY OF ST. PETERS, Appellant,**

v.

**CONCRETE HOLDING COMPANY, Respondent.**

**No. 64586.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 11, 1995.

Shulamith Simon, Clayton, for appellant.

John Gerard Young Jr., Clayton, for respondent.

WHITE, Judge.

Appellant, City of St. Peters, appeals the trial court's sustaining of respondent's motion to dismiss. We reverse and remand.

City of St. Peters (St. Peters), brought an action against, respondent, Concrete Holding Company (CHC) and its petition contains the following allegations. St. Peters acquired real property from Quarry Holding Company pursuant to a purchase and sale agreement. St. Peters acquired the property to establish and operate a landfill. Along with and as part of the purchase and sale agreement, St. Peters and Quarry Holding Company entered into a license agreement. The agreements require Quarry Holding Company to provide St. Peters with material for the landfill's liner and daily, intermediate, and final cover for the landfill. The agreements confer to St. Peters an irrevocable license to enter certain adjoining property owned by Quarry Holding Company and obtain the cover material. The source of the cover material was to be from all of the overburden created by the mining and quarrying of the adjoining property. CHC claims an interest in the overburden and would consider any attempt by St. Peters to remove the overburden a tortious act. CHC is removing the overburden and this would render the overburden unusable. St. Peters sought injunctive relief and a declaration it has the exclusive right to remove the overburden.

The trial court issued a temporary restraining order and denied CHC's three motions to dismiss. The court subsequently began conducting a hearing for a preliminary injunction. During St. Peters' presentation of evidence, CHC filed a motion for reconsideration of its motion to dismiss for failure to state a claim upon which relief can be granted. CHC claimed because the court's decision in *State ex rel. County of St. Charles v. Mehan,* 854 S.W.2d 531 (Mo.App.W.D.1993) (*Mehan I*) was final, St. Peters' petition failed to state a claim upon which relief could be granted. The following day the court sustained this motion and St. Peters was not permitted to complete the presentation of its evidence.

The trial court issued an order and found St. Peters based its claim to the overburden on the purchase and sale and license agreements. The trial court found further in *Mehan I* the appellate court held St. Peters had no authority to enter into the agreements.

The trial court concluded St. Peters' execution of the agreements was, therefore, *ultra vires* and the agreements void *ab initio*. The court asserted its decision was based upon evidence it heard and the fact motions for rehearing and transfer had been denied in *Mehan I*. This appeal followed.

■■■ The test for sufficiency of a petition for declaratory judgment is whether the pleaded facts along with any reasonable inferences therefrom demonstrate the parties' entitlement to a declaration of rights or status. *Lockett v. Musterman*, 854 S.W.2d 831, 833 (Mo.App.E.D.1993). We accept as true all well-pleaded facts and their concomitant reasonable inferences, ignoring all conclusions. *Id.* If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties. *Id.* It is improper for a trial court to decide the merits of a properly pleaded declaratory relief action by dismissal. *Moutray v. Perry State Bank*, 748 S.W.2d 749, 753 (Mo.App.E.D. 1988).

■■ The trial court stated in its order its decision was based on the evidence presented at the hearing and *Mehan I*. In deciding CHC's motion to dismiss for failure to state a claim upon which relief can be granted, the trial court could not consider the testimony given during the hearing. *State Farm Fire & Casualty Co. v. Alberici*, 852 S.W.2d 388, 389 (Mo.App.E.D.1993); *Inman v. Reorganized School Dist. No. II*, 814 S.W.2d 671, 672–73 (Mo.App.S.D.1991). CHC's suggestion we can consider this action as a court-tried case is without merit. St. Peters was not permitted to complete its presentation of evidence and the trial court sustained CHC's motion to dismiss. There is also no indication the trial court treated CHC's motion to dismiss as one for summary judgment and, therefore, only those matters appearing on the face of the petition may be considered. *Washington Univ. v. Royal Crown Bottling Co.*, 801 S.W.2d 458, 463 n. 1 (Mo.App.E.D. 1990).

The grounds for dismissal in CHC's motion and the trial court's order both provide based on the court's decision in *Mehan I* the agreements at issue are void and, therefore, St. Peters failed to state a claim upon which relief can be granted. In *Mehan I*, the court asserted St. Peters entered into a series of contracts whereby it acquired certain property to be a landfill and the purchase contract stated St. Peters acquired the land under its power of eminent domain. *Mehan I*, 854 S.W.2d at 532. The court limited its inquiry to determining whether St. Peters had the authority to acquire land by condemnation outside of its boundaries but within the boundaries of a county. *Id.* at 533. The court held St. Peters did not have the authority to acquire the property for a landfill outside its corporate limits by the threat or use of condemnation. *Id.* at 537. The court reversed the trial court's judgment and remanded the case for entry of judgment "prohibiting St. Peters from acquiring the designated property for a landfill by condemnation or the threat of it and for other orders consistent with this opinion." *Id.*

In a subsequent case, the same court considered the limits of its holding in *Mehan I*. *State ex rel. County of St. Charles v. City of St. Peters*, 876 S.W.2d 46 (Mo.App.W.D.1994) (*Mehan II*). After remand from *Mehan I*, the trial court entered an order which provided in part St. Peters did not lawfully acquire the property and, therefore, was not the owner of the property. *Id.* at 47. The respondent in the case, County of St. Charles, argued on appeal St. Peters' acquisition of the property was *ultra vires*. *Id.* The court held its order in *Mehan I* did not give the trial court authority to determine whether St. Peters "acquired the property by lawful means which may or may not have been an ultra vires act and whether this act divested the City of St. Peters of any ownership interest in the real estate." *Id.* The court held the trial court's determination of these issues altered and exceeded the mandate provided in *Mehan I*. *Id.* at 48.

In the present case, St. Peters alleged it had a right to the overburden from the property adjoining the property it purchased to establish a landfill. St. Peters also alleged it had an irrevocable license to enter the adjoining property and remove the overburden. As demonstrated in *Mehan II*, the court in *Mehan I* did not specifically address whether St. Peters' execution of the purchase and sale and license agreements was *ultra vires* or

whether the agreements were void. The court in *Mehan I* also did not discuss any rights these agreements may have conferred to St. Peters regarding the overburden on the adjoining property. These specific issues were simply not before the court in *Mehan I*.[1]

We again emphasize our standard of review is limited to determining whether the well pleaded facts in St. Peters' petition, which we accept as true along with their concomitant reasonable inferences, demonstrates the parties' entitlement to a declaration of rights. In considering whether a petition states a claim for declaratory relief, the question for the trial court is not whether the petition shows the plaintiff is entitled to the declaratory relief sought in accordance with the stated theory, but rather it is whether under the averments of the petition plaintiff is entitled to a declaration of rights at all. *Harness v. State Farm Mut. Automobile Ins. Co.*, 867 S.W.2d 591, 592 (Mo.App.E.D.1993); *Washington Univ.*, 801 S.W.2d at 463. If the averments of the petition are sufficient to show the propriety of declaratory relief, it is improper to dismiss the petition. *Id.*

The possibility the trial court may ultimately declare St. Peters has no legal rights to the overburden is not dispositive of the issue of whether the trial court erred in sustaining CHC's motion to dismiss. A plaintiff's standing to claim declaratory relief is not impaired by the probability the plaintiff will ultimately not prevail. *City of Hannibal v. County of Marion*, 745 S.W.2d 842, 845 (Mo.App.E.D.1988). St. Peters' petition pleaded facts entitling it to a declaration of the rights of the parties and, therefore, the trial court erred in sustaining CHC's motion to dismiss.

The trial court's judgment is reversed and the cause remanded for further proceedings.

SMITH, P.J., and CRANDALL, J., concur.