**DANIELS EXPRESS AND TRANSFER COMPANY, d/b/a Central Warehouse Company, Plaintiffs–Respondents,**

v.

**GMI CORPORATION, Morgan Investment, Inc., et al., Defendants–Appellants.**

No. 66367.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1995.

Application to Transfer Denied
May 30, 1995.

Warren W. Friedman, Law Offices of Warren W. Friedman, St. Louis, for appellant.

John Ernest Hilton, Carmody, MacDonald, Hilton, Wolf & Keast, Clayton, for respondent.

SIMON, Judge.

This is an appeal from a grant of partial summary judgment in an action to recover a broker's commission. Defendants GMI Corporation and Wayne A. Brent (Brent) present two points on appeal: (1) the trial court erred in failing to consider evidence showing that there was a genuine issue of material fact, and (2) the term "site work" is ambiguous, thus creating a factual issue for the jury. Each of these issues turns on whether the term "site work" is ambiguous. Therefore, they are addressed collectively.

Plaintiff, Thomas M. Dunn, d/b/a T.M. Dunn & Co., entered into a "Contractor's Commission/Fee Agreement" (agreement) with defendants. The agreement provided for the payment of a commission to plaintiff for broker's efforts and coordination of warehouse contract. The agreement further provided:

> [t]his commission/fee is due and payable in full to T.M. Dunn & Company/Thomas M. Dunn, Broker, *upon commencement of any site work* (including any grading and/or excavation for the purpose of building a warehouse but excluding any grading and/or excavation for the purpose of remediation or for any other purpose not related to the construction of a building) for the aforementioned [warehouse].

(Emphasis added.)

Structural Systems, a construction contractor, performed work at the property where the warehouse was to be built. That work included removing trees and shrubs and taking soil samples. The warehouse never was constructed. Claiming that site work had commenced, plaintiff filed a lawsuit seeking payment of a commission under the agreement. Plaintiff moved for summary judgment. In support, plaintiff offered an affidavit from Wayne E. Ortmann, vice president of Structural Systems, stating that site work for the purpose of constructing a warehouse had begun at the property. Plaintiff also alleged that Brent admitted in his deposition that site work had begun.

Defendants' response to plaintiff's motion for summary judgment included two affidavits. One affidavit, by Brent, denied any admission by him that site work within the context of triggering a commission had commenced. The other affidavit by Arthur I. Roufa, an experienced construction contractor, stated that the term "site work" does not include work of the type performed at the property. Finding that there was no genuine issue of material fact, the trial court concluded that plaintiff was entitled to judgment as a matter of law.

Summary judgment shall be entered if the motion and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04. The propriety of summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply*, 854 S.W.2d 371, 376[6] (Mo. banc 1993). Accordingly, the standard of review on appeal regarding summary judgment is no different from that which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* at 376[5].

Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated a right to judgment as a matter of law. *Id.* at 376[7]. Summary judgment is particularly appropriate if the issue to be resolved is the construction of a con-

tract that is unambiguous on its face. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170[3] (Mo.App.1986).

The test for ambiguity is whether the disputed language is reasonably susceptible of more than one meaning when the words are given their plain meaning as understood by an average person. *Speedie Food Mart, Inc. v. Taylor*, 809 S.W.2d 126, 129[7] (Mo.App.1991). Furthermore, if there is a conflict between a technical definition and the meaning that reasonably would be understood by a lay person, the lay person's definition should be applied, unless it plainly appears that the technical meaning is intended. *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382[3] (Mo. banc 1991). Importantly, a contract is not ambiguous merely because the parties disagree over its meaning. *Young Dental Mfg. Co. v. Engineered Prods., Inc.*, 838 S.W.2d 154, 155–56[2] (Mo. App.E.D.1992).

Admittedly, the term "site work" is not defined in a dictionary. However, the words "site" and "work" are words of common usage. Although we recognize that a combination of ordinary words need not always result in an unambiguous term, we nevertheless believe that an average person, giving the words their plain and ordinary meaning, would understand "site work," as contained in the agreement, to mean work at the site. Accordingly, we conclude that the term "site work" is unambiguous.

Relying on *J.S. Alberici Const. Co. v. Emerson Elec. Co.*, 537 S.W.2d 206 (Mo.App. 1976), defendants assert that extrinsic evidence, including usage of the term "site work" in the construction trade, should be considered to understand the intent of the parties. However, extrinsic evidence cannot be used to introduce ambiguity. *Young Dental*, 838 S.W.2d at 156[3]. Missouri law is clear that where there is no ambiguity in the language of a contract, the intent of the parties is to be gathered from the contract alone and extrinsic evidence should not be introduced to show the intentions of the parties. *E.g.*, *Marshall v. Pyramid Dev. Corp.*, 855 S.W.2d 403, 406[4] (Mo.App.W.D.1993). The *Alberici* court expressly acknowledged that where "the terms of a contract are clear and unambiguous the contract will be enforced according to its terms and without construction to determine the intention of the parties." 537 S.W.2d at 208 (citing *Leggett v. Missouri State Life Ins. Co.*, 342 S.W.2d 833, 851[11] (Mo. banc 1960)).

Accordingly, the trial court did not err in failing to consider the extrinsic evidence offered by defendant to determine what the parties intended by "site work," because that term is unambiguous.

On the other hand, the trial court properly considered the affidavit of Wayne E. Ortmann, which plaintiff offered. To recover on his motion for summary judgment, plaintiff was required to show that "site work" had commenced. Therefore, consideration of Ortmann's affidavit was proper, not because the affidavit attempted to define the term "site work," but because it established that the condition precedent to plaintiff's receipt of the commission, as required by the agreement, had occurred. Points denied.

Judgment affirmed.

AHRENS, P.J., concurs.

KAROHL, J., dissents without opinion.