**Richard OETKER, Plaintiff–Appellant,**

**v.**

**Ray SHERWOOD and Helen Sherwood, Defendants–Respondents.**

No. 20340.

Missouri Court of Appeals, Southern District, Division One.

April 29, 1996.

John C. Banning, Fitzsimmons, Schroeder, Nelson & Reynolds, Springfield, for plaintiff-appellant.

Gerald W. Furnell, Kansas City, for defendants-respondents.

GARRISON, Judge.

This appeal is from the entry of a summary judgment in a suit for conversion. We reverse the judgment and remand the case to the trial court.

Appellant (Plaintiff), as well as Defendants Ray and Helen Sherwood (the Sherwoods), leased dairy cattle to Gary and Dixie Bullington (the Bullingtons) in separate transactions. The Bullingtons apparently failed to make all of their lease payments, and the record indicates that they sold or disposed of some of the leased cattle. Plaintiff first sued the Bullingtons, claiming conversion of the cattle leased by them and damages for unpaid rent.[1] Later, the petition was amended to add the Sherwoods as defendants, alleging that they converted Plaintiff's dairy cattle by taking possession of 55 of them from the Bullingtons. Plaintiff also claimed that as a result of such conversion, the Sherwoods were liable for lease payments on the cattle.

The Sherwoods filed a motion for summary judgment which was sustained by the trial court. On this appeal Plaintiff contends that it was error to enter the summary judgment because there was a genuine issue of material fact, and the Sherwoods did not demonstrate that they were entitled to a judgment as a matter of law.

■ Review of a summary judgment is essentially *de novo*, with this court applying the same criteria as those which are to be applied by the trial court in determining the propriety of sustaining the motion initially. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom the judgment was entered, affording that party the benefit of all reasonable inferences from the record. *Id.*

■ The key to a summary judgment is the undisputed right to judgment as a matter of law. *Id.* at 380. Once a moving party has established a right to a judgment as a matter of law, the non-moving party's only recourse is to show by affidavits, depositions, answers to interrogatories or admissions on file that one or more of the material facts shown by the movant to be above genuine dispute is, in fact, genuinely disputed. *Id.* at 381.

■ In Plaintiff's first point relied on, he contends that there was conflicting testimony about one fact issue, thereby creating a genuine issue of fact which should have precluded the entry of summary judgment. This point relates to the existence of a genuine issue concerning whether Mr. Sherwood took cattle from the Bullingtons which actually belonged to Plaintiff.

In their motion, the Sherwoods admitted having taken possession of 32 cattle from the Bullingtons, but contended that the cattle were theirs rather than Plaintiff's. In support of their motion, they submitted deposition testimony of Mr. Sherwood stating that the cattle he took from the Bullingtons were ones which he had leased to them, and his affidavit containing a denial that he took possession of cattle belonging to Plaintiff.

In response to the motion for summary judgment, Plaintiff referred the trial court to deposition testimony of Gary Bullington. In that deposition, Mr. Bullington was asked and answered the following questions:

Q. Can you estimate for me how many of the 55 cows that Sherwood took, how many of those would have been Oetker cows?

---

1. Plaintiff dismissed the claim against the Bullingtons prior to the entry of the instant summary judgment.

A. Probably the biggest if not the whole—the biggest percentage of it if not the whole bunch.

Q. Would you say probably at least 50?

A. That ought to be a fair estimate. But an estimate is only—

This deposition testimony does, therefore, indicate that at least some of the cattle taken by Mr. Sherwood were actually cattle belonging to Plaintiff. The Sherwoods complain, however, that this deposition was given before they were in the case and they had no opportunity to cross-examine Mr. Bullington. We need not decide the merits of that argument, however, because we note that Plaintiff also referred the trial court to another deposition of Mr. Bullington, given on October 26, 1993, after the Sherwoods were joined as parties. In that deposition, he acknowledged having told Plaintiff that Mr. Sherwood took his (Plaintiff's) cattle. That deposition also included Mr. Bullington's testimony that he and his brothers told Plaintiff that "somebody got them"; that "[w]e didn't know who got them or what took place"; and that he was told by his parents that Mr. Sherwood picked up the remaining cattle.

Facts contained in an affidavit or other documents submitted in support of a motion for summary judgment are taken as true unless contradicted by the non-moving party's response to that motion. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d at 376. "[A] 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Id.* at 382. "Mere doubt and speculation do not create a genuine issue of material fact." *Martin v. City of Washington*, 848 S.W.2d 487, 492 (Mo. banc 1993). On a motion for summary judgment, the court is not authorized to determine the credibility of conflicting testimony under oath, but rather, resolution of those matters is for the fact finder at a complete trial. *Podlesak v. Wesley*, 849 S.W.2d 728, 732 (Mo.App.S.D.1993). Disputes over facts that might affect the outcome of the suit will preclude the entry of a summary judgment. *Id.*

Plaintiff's response to the motion included the deposition testimony of Mr. Bullington in which he admitted telling Plaintiff that Mr. Sherwood had taken the cattle in question. Such testimony, which is inconsistent with other deposition testimony of Mr. Bullington, could become substantive evidence if he is available for cross-examination at trial. *See Rowe v. Farmers Ins. Co.*, 699 S.W.2d 423, 425–28 (Mo. banc 1985). When considered in that manner, such statement presents a genuine issue of material fact. *See Kilventon v. United Mo. Bank*, 865 S.W.2d 741, 744 (Mo.App.W.D.1993).

We must conclude, therefore, that the trial court erred in granting the summary judgment under the facts and circumstances of this case. Accordingly, we need not discuss Plaintiff's second point on appeal. The judgment is reversed and the case is remanded to the trial court for further proceedings.

MONTGOMERY, P.J., and BARNEY, J., concur.