James F. RIORDAN, John T. Gaffigan, Michael W. Donofrio, Darlene Green, Anne–Marie Clarke, Joseph E. Ponder, Edmund J. Moran, Sheryl Johnson, Gayle Malone, and Jerry Hunter as members of the Board of Trustees of the Police Retirement System of St. Louis, and James F. Riordan, and John T. Gaffigan, individually, Respondents,

v.

Anne–Marie CLARKE, Jeffrey S. Jamieson, Wayman F. Smith, III, Robert T. Haar, and Freeman Bosley, Jr., individually and in their capacities as members of the St. Louis Board of Police Commissioners, Appellants.

No. WD 56743.

Missouri Court of Appeals, Western District.

Dec. 7, 1999.

Michael Dallmeyer, Bolivar, for appellant.

Elaine Marie Moss, St. Louis, for respondent.

PAUL M. SPINDEN, Judge.

In this declaratory judgment action, the circuit court issued a summary judgment holding that, pursuant to § 86.213.2, RSMo 1994, the St. Louis Board of Police Commissioners was obligated to pay police officers who were members of the Board of Trustees of the Police Retirement System of St. Louis their regular salaries, up to 30 days, for "travel time" to all functions au-

thorized by the board of trustees. The circuit court based its ruling on § 86.213.2's mandating "travel time," a term that the circuit court found the St. Louis Metropolitan Police Department used to describe paid travel for time spent en route to, and time spent at, various events or programs. The circuit court declared that it could assume that the legislature was aware of this meaning attributed to "travel time" by the department and that the legislature intended to accord the same meaning in § 86.213.2. The Board of Police Commissioners appealed the circuit court's summary judgment, and we reverse.

When we review a summary judgment, we consider the evidence in the record in the light most favorable to the party against whom the circuit court ruled. We endeavor to do this by accepting only inferences in the evidence that favor the party against whom the circuit court ruled. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993). Before a circuit court can enter summary judgment, it must determine that the parties are not disputing any genuine issue of material fact and that the party seeking summary judgment is entitled to a judgment as a matter of law. *Id.;* Rule 74.04.

John Gaffigan, James Riordan, and Michael Donofrio were officers commissioned by the St. Louis Metropolitan Police Department. They also were elected members of the Board of Trustees of the Police Retirement System of St. Louis. As members of the board of trustees, they attended a number of conferences and seminars each year regarding investment and management strategies for the retirement funds.

In 1993, the General Assembly enacted § 86.213.2 which said:

Each commissioned elected trustee shall be granted travel time by the St. Louis metropolitan police department to attend any and all functions that have

been authorized by the board of trustees of the police retirement system of St. Louis. Travel time for a trustee shall not exceed thirty days in any board fiscal year.

After § 86.213.2 became law, the St. Louis Metropolitan Police Department's chief issued Special Rule 80–S–45, Section XII, which said:

Each commissioned elected trustee of the Police Retirement System of St. Louis will be granted time to attend all functions that have been authorized by the board of trustees of the Police Retirement System. The time granted to a trustee shall not exceed thirty days in any board of trustees' fiscal year.

Department members, who are trustees, may be granted a minimum of two (2) days per function at the discretion of the Chief of Police. If a function is scheduled to last longer than the number of travel days granted by the Chief of Police, the members will be allowed to use vacation days and discretionary holidays for this purpose. If the member does not personally request the use of vacation days or discretionary holidays, a furlough without pay will be allowed.

After enactment of Special Rule 80–S–45, Riordan and Gaffigan requested "travel time" for the days that they had used traveling to, and attending, seminars authorized by the board of trustees. The chief granted them only two days with pay per seminar.

Riordan, Gaffigan, and the board of trustees filed a two-count petition in the circuit court seeking its declaration of what the General Assembly intended by its use of "travel time" in § 86.213.2. They asked for damages for the compensation lost by the trustees while traveling on retirement system business. The circuit court granted summary judgment for Riordan, Gaffigan, and the board of trustees and declared that, pursuant to § 86.213.2, the General Assembly intended that police officers serving as trustees should be compensated for time spent traveling to and from retirement system seminars as well as time spent attending the seminars. Riordan, Gaffigan, and the board of trustees filed a second motion for summary judgment relating to their claim for damages. The circuit court entered judgment in which it granted $9890.55 in lost wages to Gaffigan and $5433.69 in lost wages to Riordan. The St. Louis Board of Police Commissioners appealed.

The St. Louis Board of Police Commissioners asserts that the circuit court erred in granting summary judgment because genuine issues of material fact existed as to the meaning that should be accorded to the term "travel time" in § 86.213.2. We agree and reverse the summary judgment.

[1–5] The judiciary is obligated to effectuate the legislature's intent as expressed in its statutes. The judiciary deems the legislature to have intended what the plain and ordinary meaning of a statute's words convey. The judiciary can declare legislative intent accordingly. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998). This presumption evaporates, however, when the General Assembly clouds its intent in ambiguity. *Id.* When a statute's language is ambiguous or uncertain, the judiciary should consider extrinsic matters, such as a statute's history, surrounding circumstances and objectives to be accomplished through the statute. *State of Missouri ex rel. County of St. Charles v. Mehan*, 854 S.W.2d 531, 535 (Mo.App.1993).

The term "travel time" is ambiguous. The General Assembly's mandate that the St. Louis Metropolitan Police Department release an officer from police duty so he or she could attend board of trustee functions is not ambiguous, but the legislature is not clear concerning whether that time comes with or without pay. Nothing about "travel time" makes the answer obvious. Indeed, the circuit court itself rejected the notion that "travel time" was clear on its face when it concluded that "travel time" had a specific meaning within the custom

and practice of the St. Louis Metropolitan Police Department.

■ The circuit court's looking to custom and practice of the term was entirely proper because it is an ambiguous term. In the face of the ambiguity, because "travel time" was a term apparently used by the police department when the General Assembly enacted § 86.213.2, the police department's interpretation and construction is entitled to great weight. *Four Rivers Home Health Care, Inc. v. Director of Revenue,* 860 S.W.2d 2, 4 (Mo.App. 1993).

■ The problem, however, is that the parties strenuously dispute what the custom and practice of the St. Louis Metropolitan Police Department was in using the term. Riordan, Gaffigan, and the board of trustees presented evidence suggesting that the department's custom and practice was to compensate officers for time spent en route to and from events or programs which furthered the department's interest as well as for time attending the events or programs. The Board of Police Commissioners, on the other hand, presented evidence that suggested that compensation to officers for time spent traveling to and from events or programs was a matter for the chief's discretion.

The circuit court recognized the parties' strong contest of the term's meaning, but it erroneously resolved the issue by judging the credibility of the evidence that the parties presented to it. It ruled, "The *credible* evidence before this Court demonstrates that the term 'travel time' means paid travel."[1] As the circuit court recog-

nized, resolution of the issue probably will turn on issues of credibility.

■ Apparently, the circuit court disbelieved that the custom and practice of the police department in regard to "travel time" was a discretionary matter. In considering the motions for summary judgment before it, this was not an option open to the circuit court. "[O]n a summary judgment motion, 'neither the trial court nor we are authorized to determine the credibility of statements or testimony made under oath.'" *Nolte v. Wittmaier,* 977 S.W.2d 52, 59–60 (Mo.App.1998) (quoting *Fenberg v. Goggin,* 800 S.W.2d 132, 134 (Mo.App.1990)). "Disputes over facts that might affect the outcome of the suit will preclude the entry of a summary judgment." *Oetker v. Sherwood,* 920 S.W.2d 639, 641 (Mo.App.1996).

The circuit court, therefore, erred in issuing summary judgment. We reverse the circuit court's judgment and remand to the circuit court for further proceedings.[2]

PATRICIA BRECKENRIDGE, Presiding Judge, and JAMES M. SMART, Judge, concur.

---

1. We added the emphasis.

2. The Board of Police Commissioners also asserts several other points on appeal. It claims that the circuit court erred (1) in declaring that § 86.213.2 requires the board to compensate the trustees for all travel time because such interpretation violates the Hancock Amendment, (2) in declaring the St. Louis Metropolitan Police Department's Special Rule 80–S–45, Section XII, to be null and void, (3) in declaring that § 86.213.2 requires the board to compensate the trustees for all

travel time without it being charged against holidays, vacation days or recreation days because such interpretation results in the trustees receiving compensation in excess of the statutory maximum, and (4) in declaring that § 86.213.2 modifies § 86.217.2, RSMo 1994. Because we have concluded that a genuine issue of material fact remains as to the meaning to be given "travel time," it would be premature for us to decide the board's remaining points on appeal.