**James RIORDAN, et al, Appellant,**

**v.**

**Anne–Marie CLARK et al, Respondent.**

**No. WD 58977.**

Missouri Court of Appeals,
Western District.

Nov. 13, 2001.

Rehearing Denied Dec. 26, 2001.

James C. Owen, McCarthy, Leonard, Kaemmerer, Owen, Lamkin & McGovern, L.C., Chesterfield, for appellant.

Michael A. Dallmeyer, Hendren & Andrae, L.L.C., Jefferson City, for respondent.

Before: NEWTON, P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

This is the second appeal from a declaratory judgment action that sought a determination of whether statutory language meant to compensate active St. Louis police officers who served on the department's retirement board for time spent traveling to and from, and attending out-of-town meetings. Appellants, the Board of Trustees of the Police Retirement System of St. Louis, and trustees James Riordan and John Gaffigan, individually, appeal from a trial court judgment granted in favor of respondents, the St. Louis Board of Police Commissioners, and the members of the Board individually, declaring that the plain and ordinary meaning of "travel time" does not mean "with compensation" and that § 86.213.2 does not require that compensation be paid for travel time.

**Factual and Procedural History**

The following facts are substantially adopted from the previous appeal in this case, *Riordan v. Clark,* 8 S.W.3d 182 (Mo. App.1999). John Gaffigan, James Riordan, and Michael Donofrio were officers commissioned by the St. Louis Metropolitan Police Department. They were also elected members of the Board of Trustees of the Police Retirement System of St. Louis (Trustees). As Trustees they attended several conferences and seminars each year regarding investment and management strategies for the retirement funds. In 1993, the General Assembly enacted § 86.213.2 [1] which stated:

> Each commissioned elected trustee shall be granted travel time by the St. Louis metropolitan police department to attend any and all functions that have been authorized by the board of trustees of the police retirement system of St. Louis. Travel time for a trustee shall not exceed thirty days in any board fiscal year.

After § 86.213 became law, former St. Louis Metropolitan Police Department Chief Clarence Harmon, issued Special Rule 80–S–45, Section XII, which stated:

> Each commissioned elected trustee of the Police Retirement System of St. Louis will be granted time to attend all functions that have been authorized by the board of trustees of the Police Retirement System. The time granted to a trustee shall not exceed thirty days in any board of trustees' fiscal year.
>
> Department members, who are trustees, may be granted a minimum of two (2) travel days per function at the discretion of the Chief of Police. If a function is scheduled to last longer than the number of travel days granted by the Chief of Police, the members will be allowed to use vacation days and discretionary holidays for this purpose. If the member does not personally request the use of vacation days or discretionary holidays, a furlough without pay will be allowed.

After the enactment of Special Rule 80–S–45, Riordan and Gaffigan requested "travel time" for the days that they had used traveling to, and attending, seminars authorized by the Trustees. Former Chief Harmon granted them only two days with pay per seminar.

1. Section 86.213 was amended in 2000. The language in subsection 2 is now located in subsection 3.

Riordan, Gaffigan, and the Trustees filed a two-count petition in the circuit court seeking a declaration of what the General Assembly intended by its use of the phrase "travel time" in § 86.213.2. They also sought damages for compensation lost by the Trustees while traveling on retirement system business. The circuit court granted summary judgment for Riordan, Gaffigan, and the Trustees, and declared that pursuant to § 86.213.2, the General Assembly intended that police officers serving as Trustees should be compensated for time spent traveling to and from retirement system seminars as well as time spent attending the seminars. Riordan, Gaffigan, and the Trustees filed a second motion for summary judgment relating to their claims for damages. The circuit court entered judgment in which it granted $9,890.55 in lost wages to Gaffigan and $5,433.69 in lost wages to Riordan. The respondents, the St. Louis Board of Police Commissioners (Commissioners) appealed.

In *Riordan,* this court held that the trial court improperly granted summary judgment for Riordan, Gaffigan, and the Trustees. 8 S.W.3d at 185. This court found that the term "travel time" is ambiguous and that, although it was proper for the circuit court to consider the meaning of the term within the custom and practice of the St. Louis Metropolitan Police Department, the meaning of the term was strenuously disputed by the parties. *Id.* at 184–85. Riordan, Gaffigan, and the Trustees presented evidence suggesting that the department's custom and practice was to compensate officers for time spent en route to and from events or programs which furthered the department's interest as well as for time attending the events and programs. The Commissioners, on the other hand, presented evidence suggesting that compensation to officers for time spent traveling to and from events or programs was a matter for the chief's discretion. *Id.* at 185.

This court held that the circuit court erroneously resolved the issue by judging the credibility of the evidence that the parties presented to it, finding that neither the trial court nor this court is authorized to determine the credibility of statements or testimony made under oath on a summary judgment motion. *Id.* " 'Disputes over facts that might affect the outcome of the suit will preclude the entry of a summary judgment.' " *Id.* (quoting *Oetker v. Sherwood,* 920 S.W.2d 639, 641 (Mo.App. 1996)). The circuit court's judgment was reversed and remanded for further proceedings.

Trial was held in April of 2000. The circuit court heard testimony from several St. Louis Metropolitan Police Officers as well as Former Chief Harmon. The circuit court issued its judgment in July of 2000, which included findings of fact and conclusions of law. The circuit court stated the following in its conclusions of law:

> 19. When the language of a statute is unambiguous and conveys a plain and definite meaning, the Court will not create an ambiguity in order to depart from the plain meaning of a statute by looking for and imposing another meaning. (citations omitted).
>
> 20. In construing a statute, the court must not add provisions under the guise of construction if they are not plainly written or necessarily implied. (citations omitted).
>
> 21. Words used in statutes are to be given their plain and ordinary meaning whenever possible. (citation omitted).
>
> 22. The plain and ordinary meaning of "travel time" does not mean "with compensation."
>
> 23. Section 86.213.2 does not require that compensation be for travel time.
>
> * * * * * *

The circuit court's conclusions of law do not follow the mandate of this court in *Riordan v. Clark,* 8 S.W.3d 182 (Mo. App.1999). On remand, the options open to a trial court should be in accordance with the mandate and opinion of the appellate court. *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 737 (Mo.App.1988). If a remand is with directions, a trial court is bound to render its judgment in conformity with the mandate. *Id.* The trial court is without power to modify, alter, amend or otherwise depart from the judgment of the appellate court and proceedings contrary to the appellate court mandate are null and void. *State ex rel. County of St. Charles v. City of St. Peters,* 876 S.W.2d 46, 47–48 (Mo.App.1994). A general remand, on the other hand, is one without specific directions but "nevertheless has the effect of a direction to proceed in accordance with the holdings entered by the opinion of the court of review as the law of the case." *Davis,* 761 S.W.2d at 737–38.

In *Riordan,* this court determined that the term "travel time" was ambiguous. 8 S.W.3d at 184. "When a statute's language is ambiguous or uncertain, the judiciary should consider extrinsic matters, such as a statute's history, surrounding circumstances and objectives to be accomplished through the statute." *Id.* (citing *State of Missouri ex rel. County of St. Charles v. Mehan,* 854 S.W.2d 531, 535 (Mo.App.1993)). As stated *supra,* this court found that the circuit court's looking to custom and practice of the term was "entirely proper because it is an ambiguous term" and that "resolution of the issue probably will turn on issues of credibility." *Id.* at 185.

On remand, the circuit court found the statutory term, "travel time," was unambiguous and determined that its plain and ordinary meaning did not mean "with compensation." If the circuit court had analyzed "travel time" as an ambiguous term, as mandated by this court, it would have considered extrinsic evidence, such as the testimony of the officers as well as the purpose and objectives to be accomplished by the enactment of § 86.213.2, and made findings as to the credibility of the evidence. In fact, the circuit court recognizes the ambiguous nature of the term in paragraph eleven of its findings of fact which states in part that "the term 'travel time' can mean with or without compensation."

Although this court would like to finally decide the matter, we are compelled to remand the case for the trial court to review the evidence it heard to determine the meaning of the ambiguous term "travel time," and to issue findings of fact and conclusions of law that illustrate what extrinsic evidence weighed in favor of the trial court's decision.

The trial court's judgment is reversed and remanded for findings and conclusions in conformance with this opinion.

All concur.