JERRY BENNETT MASONRY CONTRACTOR, INC., Plaintiff–Appellant,

v.

CROSSLAND CONSTRUCTION CO., INC., and Firemen'S Insurance Co. of Newark, New Jersey, Defendants–Respondents.

No. 27574.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 14, 2007.

### ORDER

Steven E. Marsh, Hulston, Jones & Marsh, Springfield, MO, for appellant.

Jason J. Higdon, Spencer, Scott & Dwyer, P.C., Joplin, MO, for respondent.

GARY W. LYNCH, Judge.

Following remand to the Circuit Court of Jasper County pursuant to this Court's direction in *Jerry Bennett Masonry, Inc. v. Crossland Construction Co., Inc.*, 171 S.W.3d 81 (Mo.App.2005), Jerry Bennett Masonry, Inc. ("Bennett") appeals the judgment entered on remand by the trial court. Bennett challenges the trial court's award of pre-judgment interest pursuant

to § 408.020 "from September 2, 1999[,] through and including June 3, 2004[.]" Bennett contends that the September 2, 1999 beginning date and the June 3, 2004 ending date for the assessment of interest as designated by the trial court are in error and contrary to this Court's opinion and mandate. Finding error as to the former, but not the latter, we reverse and remand.

### 1) *Factual and Procedural Background*

The underlying action was originally brought following a dispute relating to a subcontract agreement between the respondent, contractor Crossland Construction Co., Inc. ("Crossland"), and subcontractor Bennett for masonry work Bennett performed in connection with a construction project for the Webb City R–7 School District. *Jerry Bennett Masonry, Inc.,* 171 S.W.3d at 87. In part, Bennett sought payment of $67,057.50 withheld as "retainage" by Crossland pending completion of Bennett's portion of work on the project. Id. Crossland alleged that retention of this sum was justified due to extra work necessitated by Bennett's failure to provide sufficient manpower to meet contractual deadlines and to prevent assessment of liquidated damages under Crossland's contract with the school district. *Id.*

On June 3, 2004, the trial court entered judgment ("Original Judgment"). Relevant to the claims regarding Crossland's retention of $67,057.50 due Bennett, the trial court awarded Bennett damages against Crossland "in the amount of $67,057.50, due to [Crossland's] 'mistakes in planning on the project;' but determined [Crossland] was entitled to a set-off . . . in the amount of $33,466.00, as a result of [Bennett's] 'failure to adequately provide manpower for the timely completion of the project.'" *Id.* at 88.

In the first appeal, Bennett presented nine points relied on, one of which asserted trial court error in its failure to assess prejudgment interest at the rate of 9%, as provided in § 408.020,[1] on the $33,561.50 damage award to Bennett ($67,057.50 minus $33,466.00). *Id.* This Court sustained that portion of Bennett's claim, finding that "the trial court erred by not awarding [Bennett] interest at the rate of 9% pursuant to section 408.020 after [Crossland] was paid its retainage by the" school district. *Id.* at 90. All other claims were denied, and in all other respects the trial court's judgment was affirmed. *Id.* at 100. This Court's mandate was issued September 22, 2005, and directed "that the portion of the judgment rendered by the Circuit Court of Jasper County denying [Bennett] statutory interest on the principal sum of $33,561.50, at the rate of 9% per annum, pursuant to section 408.020, is reversed and remanded to the trial court for entry of an order consistent with the opinion of this Court herein delivered."

Following remand, the trial court entered an "Amended Judgment" on November 21, 2005 ("Amended Judgment"), and awarded "pre-judgment interest at the rate of 9% per annum on the judgment amount of $33,561.50 from September 2, 1999[,] through and including June 3, 2004, in the amount of $14,373.68." This appeal followed.

### 2) *Legal Principles Upon Remand*

■ Following remand with directions by this Court, the trial court must render judgment in conformity with this Court's mandate and opinion. *Riordan v. Clark,* 67 S.W.3d 610, 613 (Mo.App.2001). "[P]roceedings on remand should be in accordance with the mandate and the result contemplated in the appellate court's

---

**1.** References to statutes are to RSMo 2000, unless otherwise indicated.

opinion." *Fischer v. Brancato,* 174 S.W.3d 82, 86 (Mo.App.2005). Remand by this Court to the trial court effectively re-vests jurisdiction in the trial court to act as directed. Id.

### 3) *Starting Date for Prejudgment Interest*

■ Bennett claims that the trial court's September 2, 1999 starting date for pre-judgment interest is not supported by substantial evidence and, as such, does not comply with this Court's opinion and mandate in the first appeal to award pre-judgment interest "from the date that [Crossland] was paid [Crossland's] own retainage by the District."

■ Upon remand in the trial court and initially upon appeal, Crossland claimed and asserted that September 2, 1999, was the date on which it "was last paid retainage" in the amount of $100,000.00. Bennett claimed and the evidence supports that Crossland became entitled to all of its retainage from the school district "by May 21, 1999," and was paid all but $100,000 by that date. However, the school district withheld the $100,000 which it owed to Crossland on the project in which Bennett was involved "as leverage to coerce [Crossland] to correct roof problems on Truman Elementary School—another school project [Crossland] completed for the [school district] in 1998." At oral argument, Crossland acknowledged that the Truman Elementary School project was unrelated to the project involving Bennett and conceded that May 21, 1999, should be the starting date from which interest should begin to accrue. We agree. "In actions for breach of contract, interest ordinarily runs from the date of the breach or the time when payment was due under the contract." *Wulfing v.Kansas City Southern Industries, Inc.,* 842 S.W.2d 133, 160 (Mo.App.1992). Because Crossland was

entitled to receive all of its retainage from the school district on the project in which Bennett was involved on May 21, 1999, the date payment became due under the contract between it and Bennett as contemplated by this Court in its mandate on the first appeal could not have been September 2, 1999.

The evidence regarding the school district's withholding of $100,000 of the retainage which was fully due to Crossland by May 21, 1999, related solely to a dispute between the school district and Crossland, and was completely unrelated to the contractual obligation between the school district and Crossland regarding the retainage for the project which involved the subcontract between Crossland and Bennett. Therefore, there was no substantial evidence to support the trial court's determination of September 2, 1999, as the starting date for pre-judgment interest on the contract between Crossland and Bennett. That part of the Amended Judgment setting September 2, 1999, as the starting date for pre-judgment interest is reversed, and the case is remanded for the trial court to start calculating Bennett's pre-judgment interest from May 21, 1999, and to enter judgment in Bennett's favor for pre-judgment interest pursuant to § 408.020 from that date accordingly.

### 4) *Ending Date for Prejudgment Interest*

■ Bennett also claims that "the trial court exceeded its authority and the mandate of the court of appeals in limiting [Bennett's] prejudgment interest award and establishing a date terminating such interest which was before the date of the judgment[,]" as "[t]here was no limitation on that interest award, nor did this Court mandate any 'ending' date for the interest to be awarded." Further, Bennett contends that pre-judgment interest should be

"calculated through November 21, 2005, the date of the amended judgment." Bennett makes a two-step argument in support of this claim.

■ In its first step, Bennett asserts that under § 408.020, pre-judgment interest runs to the date of judgment, citing *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.*, 929 S.W.2d 232 (Mo.App. 1996). We have no quarrel with this assertion.

■ In its second step, Bennett asserts that the judgment identified in the first step is the Amended Judgment, citing Rule 78.07(d)[2] for the proposition that "an amended judgment is deemed a new judgment for all purposes." However, we are not persuaded by Bennett's argument on this assertion. Rule 78.07 applies to after-trial motions. Rule 78.07(d) provides for amendment or modification of judgments by the trial court upon after-trial motion made by either party, or upon the trial court's own initiative during the thirty-day period following entry of judgment wherein the trial court retains control over judgments pursuant to Rule 75.01. "Rule 75.01 embodies the [trial] court's plenary jurisdiction over its cause[.]" *Pirtle v. Cook*, 956 S.W.2d 235, 242 (Mo. banc 1997). Here, remand was ordered pursuant to Rule 84.28, and Rule 78 has no application.

Crossland asserts that "Bennett is entitled to interest on the amount by which it was deprived by the trial court's judgment of June 3, 2004," the date of the Original Judgment. Crossland is correct in this respect. The Original Judgment reduced Crossland's contractual obligation to Bennett to a judgment obligation on that date. Section 408.020 provides for interest on a contractual obligation after it becomes due and payable. *Home Builders Ass'n of Greater Kansas City v. Kansas City*, 464 S.W.2d 5, 10 (Mo. banc 1971). Any right Bennett had to pre-judgment interest on Crossland's contractual obligation pursuant to § 408.020 expired when that contractual obligation was reduced to a judgment obligation in that principal amount on June 3, 2004, by the Original Judgment. *See Rois v. H.C. Sharp Co.*, 203 S.W.3d 761, 767 (Mo.App.2006); *Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 112 (Mo.App. 2004); *Baris v. Layton*, 43 S.W.3d 390, 398 (Mo.App.2001); *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 397 (Mo.App.1998). Section 408.040 separately provides for interest on judgments. *Home Builders Ass'n of Greater Kansas City*, 464 S.W.2d at 10. Any right Bennett may have to claim post-judgment interest on the Original Judgment as to either the principal amount or the pre-judgment interest on the principal amount as of that date is governed by § 408.040, and is not an issue currently before us in this appeal. The trial court did not err in calculating Bennett's pre-judgment interest as of June 3, 2004, the date of the Original Judgment. Bennett's claim otherwise is denied.

### 5) *Decision*

We reverse that portion of the judgment awarding pre-judgment interest starting September 2, 1999, and remand to the trial court to proceed in a manner in accordance with this opinion. In all other respects, the judgment is affirmed.

GARRISON, J., and BARNEY, J., concur.

---

**2.** References to rules are to Missouri Court Rules (2006), unless otherwise indicated.