**CITY OF UNIVERSITY CITY,**
et al., Appellants,

v.

**AT & T WIRELESS SERVICES,**
et al., Respondents,

No. ED 96940.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 27, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2012.

Application for Transfer Denied
Aug. 14, 2012.

John F. Mulligan, Jr., Clayton, MO, and James H. White, University City, MO, for Appellant.

Jason L. Ross, Kirsten M. Ahmad, Greensfelder, Hemker & Gale, P.C., St. Louis, MO, for Respondent.

KURT S. ODENWALD, Chief Judge.

### Introduction

The City of Lebanon, Missouri ("City") appeals from the trial court's final order and judgment denying City's challenge to the rejection of its claim to be included in a settlement class by Defendant Alltel Communications, LLC ("Alltel"). City argues that the trial court erred in finding Section 26.8 of the Code of Laws of the City of Lebanon ("Section 26.8") imposes a right of way usage fee rather than a Business License Tax, thereby removing City from the settlement class. Because the plain language of Section 26.8 imposes a "use or rental fee," we affirm.

### Background

This appeal arises from a class-action lawsuit filed by the City of University City and a class of Missouri municipalities against several telecommunications companies ("Defendants") doing business in Missouri. The plaintiff municipalities sought class certification to represent all cities which had adopted an ordinance imposing a business or occupational license tax on any person engaged in the business of supplying or furnishing telephone services in the city. The municipalities alleged that Defendants were liable to the municipalities under their respective ordinances for taxes on revenues derived from providing commercial mobile radio services, for maintaining antennas or other facilities, for flat taxes with respect to providing

such services, and for interest and/or penalties on any such taxes not timely paid.

The parties subsequently filed a Joint Motion for Class Certification for Purposes of Settlement and for Preliminary Approval of Proposed Class Action Settlement. The trial court certified the settlement class and approved the Settlement Agreement. Under the Settlement Agreement, Alltel agreed to pay the amount of any Business License Tax (as defined in the Settlement Agreement) owed to a class member pursuant to the class member's ordinance in effect during the period beginning September 1, 2005 and ending March 31, 2009.

Pursuant to the Settlement Agreement, Alltel sent a notice of settlement to City, advising that it may be entitled to a Past Tax Payment under the terms of the Settlement Agreement. Such payment was contingent upon, *inter alia*, City's submission to Alltel of a copy of its ordinances demonstrating that it had a Business License Tax in effect between September 1, 2005 and March 31, 2009. City sent a completed form to Alltel, attaching copies of two ordinances: Ordinance No. 3905, which enacted Section 26.8 of the Lebanon Code of Laws, "relating to right of way use fee," and Ordinance No. 4365, which amended Ordinance No. 3905 (collectively hereinafter "Section 26.8").

Alltel's Settlement Administrator subsequently sent a letter to City rejecting City's claim asserting that the ordinance submitted by the City did not impose a Business License Tax as defined in the Settlement Agreement. Alltel informed City that its ordinance imposed a right of way usage fee, which is expressly excluded from the terms of the Settlement Agreement. City responded, attaching Article III, Chapter 24 of the Code of Laws of the City of Lebanon, as well as copies of Ordinances 3861, 3664, and 3300. Alltel again rejected City's claim on the grounds that City's ordinances did not impose a Business License Tax under the terms of the Settlement Agreement. After negotiations were unsuccessful in resolving the dispute, City filed a Challenge to the Rejection of its Claim by Alltel with the trial court.

Following an evidentiary hearing, the trial court found that City's ordinances imposed a municipal right of way usage fee and not a Business License Tax within the meaning of the Settlement Agreement. The trial court therefore denied City's challenge. This appeal follows.

### Point on Appeal

In its sole point on appeal, City argues that the trial court erred in denying City's challenge to the rejection of its claim by Alltel. City contends that the trial court misinterpreted Section 26.8 of the Code of Laws of the City of Lebanon by finding that the ordinance imposed a right of way usage fee, and not a Business License Tax.

### Standard of Review

Interpretation of a contract is a question of law reviewed *de novo* by this Court. *Teets v. Am. Family Mut. Ins. Co.*, 272 S.W.3d 455, 462 (Mo.App. E.D. 2008). Interpretation of a municipal ordinance, like the interpretation of a state statute is also reviewed *de novo*. *Sunswept Properties, LLC v. Ne. Pub. Sewer Dist.*, 298 S.W.3d 153, 159 (Mo.App. E.D. 2009).

### Discussion

City's allegation of error is premised upon its assertion that the trial court misinterpreted the applicable ordinances when it found Section 26.8 did not impose a Business License Tax necessary for City's recovery under the terms of the Settlement Agreement.

■ An ordinance is interpreted using the same rules as apply when interpreting a state statute. *Sunswept Properties, LLC v. Ne. Pub. Sewer Dist.*, 298 S.W.3d 153, 159 (Mo.App. E.D.2009). When construing a statute, the primary rule is to give effect to legislative intent as reflected in the plain language of the statute. *Brinker Missouri, Inc. v. Dir. of Revenue*, 319 S.W.3d 433, 437–38 (Mo. banc 2010). When the plain language of the statute is clear and unambiguous, we do not apply any other rule of construction. *Bosworth v. Sewell*, 918 S.W.2d 773, 777 (Mo. banc.1996); *Gasconade Cnty. Counseling Servs. v. Mo. Dep't of Mental Health*, 314 S.W.3d 368, 373 (Mo.App. E.D. 2010).

■ To determine if City's ordinance imposed a Business License Tax as provided in the Settlement Agreement, we look first to the language used in the agreement. The Settlement Agreement defines "Business License Tax" as "any tax, including any fee, charge, or assessment in the nature of a tax ... as well as an occupation license tax, gross receipts tax, franchise tax, or similar tax, or any tax 'alternative' to any of the foregoing." Expressly excluded from the definition of Business License Tax is "[a]ny municipal right of way usage fee, including but not limited to any fee imposed under the authority of a municipality's police powers ..." The Settlement Agreement does not otherwise define "right of way usage fee."

Lebanon's City Ordinance No. 4365, Section 26.8, titled "Right of way use fee," requires telephone, communication, and other utility services that "use[ ] the public right of ways of the City" to "pay a *use or rental fee* of 5% of the gross receipts derived from such business activity in the City." City of Lebanon, Code, Section 26.8 (2005) (emphasis added).[1]

The plain language used in the initial ordinance passed in 1999 requires payment of a fee that is described in the body of the

---

1. The full text of Section 26.8 reads as follows: Any person or persons, corporation, association or any other entity engaged in the business of distributing, transmitting, supplying or furnishing electric, water, gas, telephone, cable television or any other communication or utility service that uses the public right of ways of the City shall be required to pay a use or rental fee of 5% percent of the gross receipts derived from such business activity in the city. This fee shall be offset by any amounts that the person or entity pays to the City pursuant to a valid franchise agreement or ordinance. Each user shall be required to file with the City a written acknowledgment and acceptance of the terms of this ordinance. The acknowledgement shall contain a commitment to provide the City with a sworn statement of the gross receipts or remittance basis for the applicable period and any allowed offsets.

Gross receipts for all telephone, cellular phone, and/or other telecommunications service providers shall be further defined as "local service revenues" and shall include all revenues received by the service provider for the provision of basic local exchange telecommunications service, including those services which expand the basic calling scope of the customer or subscriber and other special services or features such as call waiting, caller ID, voice-mail boxes etc., but shall not include charges for long distance calls, access charges or services customarily not considered basic local exchange telecommunications service(s). All telephone, cellular phone, and/or other telecommunications service providers shall pay five (5%) percent of "local service revenues" to the City of Lebanon effective January 1, 2006, and such payments shall be made quarterly for each year of the period covered during the term(s) of the applicable franchise or for the duration of the public right of way utilization for such business activity in the City. This payment shall be in lieu of any general or special license tax, occupation tax, or any other such tax for the period covered during the term of this ordinance. The City further agrees that to the extent allowed by Missouri law, the service providers may pass through and collect this payment amount from its customers.

ordinance as a use or rental fee. This same language was repeated in the amended ordinance passed by City in 2005. We are reluctant to attach a meaning to these very straightforward words other than the plain and ordinary meaning suggested by the language used by the drafters of the ordinance. Given the express terms chosen by the drafters of Section 26.8, we are not persuaded that the fee imposed by the ordinance constitutes a Business License Tax under the terms of the Settlement Agreement as has been argued by City. Our interpretation of the ordinance is further supported by the last sentence of Section 26.8, which expressly states that the payment of the fee "shall be in lieu of any general or special license tax, occupation tax, or any other such tax ..." We cannot logically conclude that Section 26.8 imposes both a license tax and a fee in lieu of a license tax.

City suggests that the trial court's erroneous interpretation of the Section 26.8 stems from the court's misguided focus on the titles and descriptions contained in City's ordinances. City argues that the title of the ordinance is not relevant in construing its content, and that our interpretation of the ordinances should focus instead on the nature of the fee imposed.

■ Ordinances are interpreted based on a review of the whole ordinance. *State ex rel. Sunshine Enterprises of Missouri, Inc. v. Bd. of Adjustment of City of St. Ann*, 64 S.W.3d 310, 312 (Mo. banc 2002). Although the ordinances in question are entitled "Right of way use fee," the record does not support City's argument that the trial court based its ruling on the ordinance title or heading. Instead, we look to the plain language used in the body of the ordinance. Such language is consistent with the trial court's ruling, and our holding that the intent of the drafters of the ordinance was to impose a right of way use fee, and not a Business License Tax. Express terms and phrases found within the body of the ordinances include "uses the public right of ways", "use or rental fee", and "public right of way utilization." The use of such terms is not limited to a title or heading. Noting the consistency of the title "Right of way use fee" with the language used within the body of the ordinances does not suggest to this Court that the trial court failed to construe Section 26.8 based upon a review of the whole ordinance, or improperly limited its review to the title and headings of the ordinances. City's first argument is without merit.

■ In support of its argument that Section 26.8 establishes a tax encompassed by the terms of the Settlement Agreement, City suggests that the ordinance language referencing an entity's use of "the public right of ways of the City" is not intended to establish a right of way user fee, but serves to identify those entities upon which the municipal tax is imposed. City argues that because cellular companies do not require an actual physical presence within a city in order to do business within the city, the phrase "that uses the right of ways" serves only as a condition to jurisdictionally justify City's imposition of the tax. City further argues that if the phrase "right of way user fee" renders Section 26.8 ambiguous, applying the rules of statutory construction would resolve any ambiguity in favor of City.

■ We will look beyond the plain meaning of the statute and to the rules of statutory construction only when the language is ambiguous or would lead to an absurd or illogical result. *Akins v. Dir. of Revenue*, 303 S.W.3d 563, 565 (Mo. banc 2010). The language of a statute is ambiguous when a key term is left undefined, requiring the court to fill in the term. *See, e.g., Riordan v. Clarke*, 8 S.W.3d 182, 183–84 (Mo.App. W.D.1999) (finding the term

"travel time" as used in Section 86.213.2, which granted "travel time" to Police Board trustees to attend authorized functions, ambiguous because the term failed to convey whether or not that time comes with pay). Here, there is no undefined term in Section 26.8 which renders the ordinance ambiguous. Although the term "use or rental fee" is not defined in Section 26.8, the everyday meanings of these words is so plain and clear, a definition is not necessary to avoid ambiguity. *See Daniels Express & Transfer Co. v. GMI Corp.*, 897 S.W.2d 90, 92 (Mo.App. E.D. 1995).

We find no confusion or potential for misinterpretation in the words "use or rental fee," and are not persuaded that such words could reasonably lead the reader of the ordinances to conclude that Section 26.8 was intended to impose anything other than a right of way user fee.

■■■ Having determined that the language of the ordinance is not ambiguous, we next consider whether the language of Section 26.8 leads to "absurd or illogical results." The language of a statute or ordinance leads to "absurd or illogical results" when there is a complete contradiction in the language or when two statutory provisions cannot be harmonized. *See, e.g., Anderson ex rel. Anderson v. Ken Kauffman & Sons Excavating, L.L.C.*, 248 S.W.3d 101, 107 (Mo.App. W.D. 2008). Here, we find no contradiction within the plain language of the ordinance that would produce absurd or illogical results if applied as written. To the contrary, reaching beyond the plain language of the ordinance to interpret Section 26.8 as imposing a Business License Tax produces an illogical result because the language of Section 26.8 expressly states that the fee "shall be in lieu of any general or special license tax." City of Lebanon, Code, Section 26.8 (2005). The interpreta-

tion suggested by City would lead to a contradiction by imposing a license tax in paragraph one, yet later clarifying in paragraph two that the fee imposed is in lieu of a license tax. The ordinary meaning of the phrase "in lieu of" is "instead of; in place of; in substitution of." Black's Law Dictionary 787 (6th ed.1990). Applying the plain meaning of the words used by the authors of Section 26.8, the fee imposed is either a tax, or a fee imposed instead of a tax, but cannot be both. The ordinance cannot logically intend to provide for both scenarios. Applying the ordinance as written avoids such an illogical result and harmonizes both paragraphs of Section 26.8.

Because the language of the statute is neither ambiguous nor produces absurd or illogical results, we limit our analysis to the plain meaning of the words used in Section 26.8.

■■ City next argues that the plain language of Section 26.8 mandates our finding that the ordinance imposes a Business License Tax because the calculation of the fee imposed in Section 26.8 is based on gross receipts. City argues that the fee imposed by Section 26.8 therefore constitutes a "gross receipts tax," which is expressly included within the definition of a Business License Tax in the Settlement Agreement. While we recognize the calculation of the amount of the fee imposed by Section 26.8 is based upon a service provider's gross receipts, we reject City's argument that said calculation necessarily transforms the right of way usage fee imposed by Section 26.8 into a gross receipts tax.

Utilizing an entity's gross receipts to calculate the amount of a use or rental fee does not compel the conclusion that the ordinance imposes a gross receipts tax. *City of St. Louis v. Western Union Telegraph Co.*, 760 S.W.2d 577, 582–583 (Mo.

App. E.D.1988); *City of St. Louis v. Laclede Power & Light Co.*, 347 Mo. 1066, 152 S.W.2d 23, 25 (1941). In *City of St. Louis v. Western Union*, this Court held that Section 23.32 of the Revised Code of the City of St. Louis constituted a rental charge, not a tax. *Id.* at 583. There, the ordinance imposed a payment that was described as a "charge" based on gross receipts. *Id.* at 580–581. In Western Union, this Court compared the ordinance language that imposed a "charge" to the language used in another ordinance which imposed a "tax" on telephone companies. Although each ordinance based the amount due by the utility on the utility's gross receipts, the characterization of the fee in the ordinance was determinative. Critical to our analysis in *Western Union* was the fact that the ordinance at issue expressly described the payment as a "charge" and not a "tax." *Id.* at 582.

This Court further held in *Western Union* that Section 23.32 was not a tax because the ordinance called for a written acceptance of the terms of the ordinance. The ordinance required that "[e]ach corporation about to commence business shall file with the Register ... its written acceptance of privilege granted by this code ..." *Id.* at 583. Because the ordinance required acceptance, it was deemed to have imposed a payment under an agreement, and therefore constituted a rent and not a tax. *Id.*

Similar to the ordinance at issue in *Western Union*, Section 26.8 imposes a fee based upon gross receipts. As in *Western Union*, the drafters of Section 26.8 plainly refer to the utility's obligation as a "use or rental fee", and not a tax. In fact, the only reference in the ordinance to a tax is the specific exclusionary provision that states the payment is in lieu of any general or special license tax or any other tax. This exclusionary provision, along with the omission of the term "tax" elsewhere in the ordinance, is consistent with the drafter's intent to impose a use or rental fee, and not a tax. Furthermore, as in *Western Union*, Section 26.8 similarly calls for acceptance by the entity upon whom the fee is imposed: "Each user shall be required to file with the City a written acknowledgment and acceptance of the terms of this ordinance." Requiring a written acknowledgement and acceptance of the terms of the ordinance is consistent with the imposition of a payment under agreement, not a tax imposed under authority of law. As in *Western Union*, we reject City's argument that the reference to gross receipts in Section 26.8 mandates a finding that the fee imposed by Section 26.8 is a Business License tax, and hold that the fee imposed by Section 26.8 is a user/rental fee.

We acknowledge City's contention that Section 26.8 does not meet the statutory requirements for a municipal right of way usage fee ordinance. A municipality derives its governmental powers from the state, and may only exercise those powers granted it by the state. *City of Dellwood v. Twyford*, 912 S.W.2d 58, 59 (Mo. banc.1995). Sections 67.1830 and 67.1840 authorize a municipality to impose a right of way usage fee. Under these statutes, a municipal ordinance imposing a right of way usage fee must be, *inter alia*, based on the costs to the municipality for the management of the public right of way, and proportionally divided between the users of the right of way. Section 67.1830; Section 67.1840.2. The City argues Section 26.8 does not meet the statutory requirements for a right of way usage fee ordinance because the fee is not based upon the business's proportionate use and the depreciation of the public right of way. The City further avers that because Section 26.8 failed to impose a valid right of way usage fee, the fee imposed by Section 26.8 is therefore a business tax.

We do not address whether the City complied with state law requirements when enacting Section 26.8. Even if Section 26.8 fails to meet the statutory requirements of Sections 67.1830 and 67.1840.2, we are not persuaded such failure necessarily morphs the fee imposed under Section 26.8 into a Business License Tax. Contrary to City's argument, the legislative intent to impose a right of way fee clearly can be determined from the language of Section 26.8. The fact that the legislative body may have failed to comply with statutory requirements does not create any ambiguity as to their intent given the plain language of the ordinances. In light of this clear intent, we find City's compliance with the statutory requirements inconsequential in relation to the Settlement Agreement. City enacted a right of way usage fee ordinance that was either valid, or invalid under the Missouri authorizing statute. We find no language in Section 26.8 that either requires or allows the fee imposed to be treated as a business tax should the fee fail to qualify as a right of way usage fee. City has not provided this Court with any case law supporting its argument. Accordingly, we reject City's argument that the potential invalidity of the right of usage fee imposed by Section 26.8 transforms the fee enacted under the ordinance into a Business License Tax that qualifies City to recover under the Settlement Agreement.

▮ Finally, City alternatively argues in its Reply Brief that Section 26.8 imposes a franchise tax, not a gross receipts tax, and that a franchise tax is expressly included within the definition of Business License Tax under the Settlement Agreement. Before addressing the substance of the City's argument, we must decide whether this argument, presented first to this Court in City's reply brief, was properly presented before the trial court. A court of appeals may not review a case upon a theory different from that which was presented to the trial court. *City of Greenwood v. Martin Marietta Materials, Inc.,* 299 S.W.3d 606, 617 (Mo.App. W.D. 2009) (internal quotations and citations omitted).

City argues that the franchise tax argument was properly before the trial court because such argument is "wholly embraced within" its challenge to the trial court's finding that Section 26.8 does not impose a Business License Tax. We note that in its opening brief, City's only affirmative argument that Section 26.8 fell within the definition of Business License Tax was that the ordinance was a gross receipts tax. City's argument that Section 26.8 imposes a franchise tax encompassed within the terms of the Settlement Agreement was not raised in City's opening brief, but only in City's Reply brief.

After a thorough review of the record, we find no evidence that the City presented any argument to the trial court that Section 26.8 imposed a franchise tax recoverable under the terms of the Settlement Agreement. The record simply does not support City's assertion that the franchise tax argument raised in its Reply brief is "wholly embraced within" City's challenge to the finding that Section 26.8 is not a Business License Tax. City's franchise tax theory of recovery is not akin to Brahms's "Variations on a Theme of Paganini," but presents a materially different argument from its initial theory that City qualified for participation in the class action settlement because Section 26.8 imposed a gross receipt tax. In fact, City's latest assertion that Section 26.8 applies to both right of way users and franchises contradicts its previous argument that Section 26.8 applies only to persons or entities that use the public rights of way. Because we find no evidence that City presented its franchise tax argument to the trial court, we will not consider this argument for the first time on appeal. *See Jenni v. Gamel,*

602 S.W.2d 696, 699 (Mo.App. E.D.1980). *citing Grimes v. Armstrong*, 304 S.W.2d 793, 799 (Mo.1957).

### *Conclusion*

The trial court properly interpreted Section 26.8 as imposing a fee on telecommunications companies that did not qualify City for inclusion in the settlement class. Finding no error, we affirm the trial court's judgment.

PATRICIA L. COHEN, and ROBERT M. CLAYTON, JJ., Concur.